**Sylvia LESTER, Plaintiff,**

v.

**Caspar WEINBERGER, Secretary of Health, Education & Welfare, Defendant.**

**Civ. A. No. 750082.**

United States District Court, D. Virginia, Abingdon Division.

Aug. 14, 1975.

Larry G. Browning, Lebanon, Va., for plaintiff.

Carr L. Kinder, Jr., Asst. U. S. Atty., Roanoke, Va., for defendant.

## MEMORANDUM OPINION and ORDER

TURK, Chief Judge.

Plaintiff has filed this suit challenging the final decision of the Secretary of Health, Education and Welfare denying her claim for widow's benefits under the Federal Coal Mine Health and Safety Act of 1969, as amended, 30 U.S.C. § 901 *et seq.* Jurisdiction is pursuant to § 413(b) of the Act, 30 U.S.C. § 923 (b), which incorporates § 205(g) of the Social Security Act, 42 U.S.C. § 405(g). The issues to be decided by this court are whether the Secretary's decision is supported by "substantial evidence", and if it is, this court must affirm, or whether there is good cause to justify remanding the case to the Secretary for further consideration.

Plaintiff's deceased husband, Jay Lester, was born on September 25, 1892. The Administrative Law Judge found that Mr. Lester worked at least ten years as a coal miner and Mrs. Lester's testimony indicates an extensive mining record. Mr. Lester died on March 4, 1964 with cause of death noted as cerebral thrombosis. (TR 60). Mrs. Lester, who meets all personal eligibility requirements for a widow seeking benefits under the Act, contends that the Secretary incorrectly ruled that Mr. Lester was not totally disabled due to pneumoconiosis, actual or presumed, at the time of his death. (*see* 20 C.F.R. § 410.454).

After a thorough examination of the administrative record, the court has concluded that the Administrative Law Judge failed to adequately develop the evidence of Mr. Lester's lung impairment. In widows' claims, a common evidential shortcoming is the inability to demonstrate evidence of disability resulting from a lung impairment. However, in this case, it appears that the plaintiff had knowledge of extensive functional limitation exhibited by her husband. In a document supplementing her Statement of Claimant, Mrs. Lester described her husband's inability to move, doctor's directives, significant symptoms, and the necessity for her husband to terminate his employment. Despite such statements, the Law Judge did not attempt to promote a development of more extensive descriptions at the time of the Administrative hearing. The court further notes that the entire hearing was conducted in only ten minutes. Most of this time was devoted to a statement of applicable law and development of Mr. Lester's work record.

In a widow's claim, the development of lay testimony is obviously of extreme importance. Furthermore, in the nonadversary context of a black lung administrative hearing, the Administrative Law Judge has a responsibility to fairly develop all sources of evidence. This is especially true in a case such as this where the claimant is not represented by counsel at the time of the hearing.

Lay evidence such as a spouse's affidavit must be considered in black lung adjudication. [20 C.F.R. § 410.454(c)]. Because of the inadequacy of the Administrative Law Judge's development and evaluation of Mrs. Lester's testimony, this case is remanded for further consideration. The Secretary is specifically directed to grant Mrs. Lester the opportunity for a supplemental administrative hearing. Upon remand, both sides will be allowed to present additional evidence.